FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
15 JUN -9 PM 12:00
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARTH ANCIER, | ) | CASE NUMBER: 8:15CV210 |
| Plaintiff, | ) | |
| | ) | **MOTION TO QUASH OR MODIFY** |
| vs. | ) | **PLAINTIFF'S SUBPOENA** |
| | ) | |
| MICHAEL P. EGAN, III; JEFFREY M. | ) | Rec # 8033566 |
| HERMAN; and MARK F. GALLAGHER, | ) | |
| | ) | |
| Defendants, | | |

Non-party Robb N. Gage, pro se, hereby moves to quash, or in the alternative modify, the subpoena served upon Robb N. Gage by Plaintiff Garth Ancier relating to a lawsuit pending in the United States District Court for the District of Hawaii as Civil Action No. 14-00294 JMS RLP. Although Robb N. Gage is not a party to the lawsuit, Plaintiff has served a subpoena on him that is unreasonably overbroad, fails to provide an adequate timeframe to comply, and would impose an undue burden on Robb N. Gage. In light of the undue burden the subpoenas seeks to impose on Robb N. Gage, this Court "*must* quash or modify" the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3).

This Motion is made and based on Federal Rule of Civil Procedure 45 and is supported by the attached Memorandum of Points and any oral arguments this Court may choose to consider.

BY: /s/ Robb N. Gage
Robb N. Gage, #22502
Attorney at Law
319 South 17th Street, #700
Omaha, NE 68102
Phone: (402) 498-2777
Fax: (402) 951-9523
rgage@rnglaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On June 27, 2014, Plaintiff Garth Ancier ("Ancier" or "Plaintiff") filed an action in Federal Court for the District of Hawaii alleging state law claims for malicious prosecution and abuse of process against Michael F. Egan, III ("Egan") and his former attorneys Jeffrey M. Herman ("Herman"), and Mark F. Gallagher ("Gallagher") (collectively, "Defendants"). The basis of Ancier's claims is that Defendants filed a frivolous federal action against him in this district, Egan v. Ancier, Civ. No. 14-00188 SOM-BMK (the "underlying action"), which falsely accused Ancier of sexually Case 1:14-cv-00294-JMS-RLP Filed 12/04/14 assaulting Egan in Hawaii in 1999. The underlying action was voluntarily dismissed without prejudice after Ancier sought Rule 11 sanctions against Defendants for filing a baseless action. On May 22, 2015 a subpoena was served on the office of Robb N. Gage ("Gage") that is the subject of this motion to quash. Mr. Gage was not personally served the subpoena and did not return to his office until May 25, 2015. Said subpoena is attached and made part of this filing.

### II. LEGAL ANALYSIS

#### A. This Court Has Authority To Quash Or Modify The Subpoena.

Of course, a "subpoena may command... production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person..." Fed. R. Civ. P. 45(c)(2). However, while parties such as Gage are alleviated from the requirement of producing documents if they timely serve written objections (Fed. R. Civ. P. 45(d)(2)(B)), they are still permitted to seek protection from the court for the district where compliance is required in order to resolve disputes. *See* Fed. R. Civ. P. 45(d)(3). Specifically, under the recently amended rule, on a timely motion, "the court for the district where compliance is required *must* quash or modify a subpoena that... (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). Similarly, the Court may quash or modify a subpoena that may otherwise require reasonable compensation to the subpoenaed party. Fed R. Civ. P. 45(d)(3)(B), (c).

## B. The Court Should Quash The Subpoena As It Seeks To Impose An Undue Burden On Robb N. Gage.

### 1. *The Subpoena Is Unduly Burdensome.*

As reflected in Rule 45, a party that issues a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed R. Civ. P. 45(d)(1). When a party fails to do so, the Court, "must enforce this duty and impose an appropriate sanction" on the subpoenaing party. *Id.* Similarly, on a timely motion, this Court, "***must*** quash or modify a subpoena that. . . subject a person to undue burden." Fed R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). In fact, when a subpoena is overly broad and burdensome, the court may, on its own initiative, modify the language in order to correct the ambiguity and prevent the undue burden." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 695 (1994), citing *Westside Ford v. United States,* 206 F.2d 267, 635 (9th Cir. 1953). In doing so, the "court may also make any order which justice requires to protect a party or person from undue burden, oppression or expense." *Diamond State Ins. Co.,* 157 F.R.D. at 696.

When a party objects to a subpoena as unduly burdensome or onerous, it bears the burden of establishing such a claim by showing "the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena." *Lo v. Fed. Nat. Mortgage Ass'n,* 2:12-CV-01411-GMN-VCF, 2013 WL 2558614, *4 (D. Nev. June 10, 2013), citing *Goodman v. United States,* 369 F.2d 166, 169 (ith Cir. 1966). Importantly, this Court is vested with broad discretion in determining whether a subpoena is unduly burdensome. *Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 779 (9th Cir. 1994). In determining whether a subpoena is unduly burdensome and whether the Court should quash the subpoena, the Court will consider a variety of factors including: (1) the relevance of the requested information to the action's claims or defenses: (2) "the need of the party for the documents," (3) "the breadth of the document request," (4) "the time period covered by" the subpoenas; and (5) "the particularity with which the documents are described and the burden imposed." *Lo, 2:120CV-01411-GMN-VCF, 2013 WL 2558614 at *4: Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D. Cal. 2005).

Here, the Subpoena issued by Ancier seeks to impose an undue burden on Gage and/or his employees and agents that cannot be permitted. The subpoena requests production of any

non-privileged documents prepared by *anyone* that relate to *any* complaint of sexual abuse of Egan by *any* person. The scope of this request is overbroad and would require Gage and his staff several days of review of documents and consideration of privilege.

These overly broad requests are vague, ambiguous and seek documents wholly unrelated to the scope of the Hawaii litigation. Such indiscriminate requests without necessary particularity are facially unduly burdensome since they seek documents that far exceed the scope of the litigation. Accordingly, the Court should quash the facially unduly burdensome Subpoena in its entirety.

Some of the requests, especially request number 4, set forth in the Subpoena are unduly burdensome on their face. They seek the indiscriminate production of documents relating to a number of sexual allegations over an indefinite period that Ancier will not be able to demonstrate are within the scope of discovery in that matter. *Transcor, Inc. v. Furney Charters, Inc.* 212 F.R.D. 588, 591 (D.Kan. 2003) ("when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.") In light of the irrelevance of the documents sought, the over breadth of the document requests, the indefinite time period of documents sought, as well as Ancier's failure to identify the documents sought with sufficient particularity, the Subpoenas are unduly burdensome and should be quashed in their entirety. *Lo,* 2:12-CV-01411-GMN-VCF, 2013 WL 2558614 at *4; *Moon,* 232 F.R.D. at 636. Gage has taken preliminary steps to assemble documents relating to the subpoena but estimates that production of said documents will take several weeks to prepare at significant cost.

### 2. *Less Burdensome Discovery Tools are Available*

Ancier has a multitude of ways of acquiring the information requested within the subpoena that are less burdensome on nonparties. Most importantly, Ancier can seek production of the documents from Egan's attorney Jeff Herman who is a party to Ancier's action. Any documents held by Gage during his limited engagement with Egan as counsel for claims that Egan may have against his former attorney Herman were received from Mr. Egan's former malpractice counsel and those same documents were provided by Mr. Herman. Ancier has already requested the production of these documents from Herman and likely received all that he will receive that are not subject to privilege. Moreover, Ancier has also subpoenaed Mr. Egan's

former counsel for the reproduced documentation. Having Gage review the same file for production is unnecessarily burdensome as Gage will not only have to consider which documents may relate to privilege between Egan and himself, but also give special consideration to documents which may contain privileged information between Herman and Egan. Gage is unaware of any waiver of privilege by Egan.

       3. *The Subpoena does not provide an adequate timeframe to comply.*

The Subpoena request production of relevant documents on June 8, 2015. Within Mr. Gage's file there exists over 10,000 pages of paper and as many electronically stored documents. While preliminary efforts are underway, it would be impossible to comply with the subpoena.

### III. Conclusion

Rule 45 was crafted to protect non-parties to litigation from being unduly burdened with another party's discovery. Ancier failed to take reasonable steps to avoid imposing an undue burden on Gage and instead served an overbroad and overly burdensome subpoena on a non-party. The law does not countenance such conduct and Gage should not be victimized by Ancier's failure to narrowly tailor his discovery. As a result of the overly broad and unduly burdensome subpoena, Gage respectfully requests that the Court grant this Motion and quash the subpoena in its entirety. Further, if this court chooses to modify the subpoena, Ancier must be directed reimburse Gage for his full cost of compliance including any attorney's fees and costs he may incur.

DATED this 9th day June, 2015.

                Robb N. Gage

                /s Robb N. Gage

                Robb N. Gage, Neb. Bar No. 22502
                Attorney at Law
                319 S. 17th St., Suite 700
                Omaha, NE 68102
                402.498.2777
                402.498.6457 (fax)
                rgage@rnglaw.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF HAWAII

| | | |
|---|---|---|
| GARTH ANCIER | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14099284 JMS RLP |
| MICHAEL F. EGAN, III, JEFFREY M. HERMAN, | ) | |
| and MARK F. GALLAGHER | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Robb N. Gage, Attorney at Law, 319 South 17th Street, Suite 700, Omaha, NE 68102

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
SEE ATTACHMENT "A" HERETO

| Place: Titan Legal Services, Inc. c/o Kwik Serve<br>2555 South 177th Plaza, #53<br>Omaha, Nebraska 68130 (800)441-4107 | Date and Time:<br>June 8, 2015, 10:00 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 21, 2015

*CLERK OF COURT*

OR _____/s/_____

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                                        Anthony Pacheco, Esq.

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Garth Ancier
_____, who issues or requests this subpoena, are:

Anthony Pacheco, Jeffer Mangels Butler & Mitchell LLP, 1900 Ave. of the Stars Los Angeles, CA 90067 (310)203-8080

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14099284 JMS RLP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---



# EXHIBIT "A" TO SUBPOENA DIRECTED TO ROBB N. GAGE

## DEFINITIONS AND INSTRUCTIONS

1. The following definitions and instructions shall be incorporated into each and every one of the following Requests for Production of Documents.

2. "YOU," "YOUR," or "YOURSELF" shall mean and refer to the responding party ROBB N. GAGE, ESQ. and shall include any and all representatives acting on his or his firm's behalf, including any, partners, associates, employees, agents, officers, and/or managers.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that otherwise might be construed to be outside the scope of the request.

4. "DOCUMENTS" mean any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, other communications (as defined hereunder) and electronically stored information (as defined hereunder), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video

tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your possession, custody or control, or the possession, custody or control of your counsel, investigators, agents, employees and/or persons acting on your behalf. To avoid any misunderstanding, "DOCUMENTS" include "COMMUNICATIONS" and "Electronically Stored Information" or "ESI" as defined herein.

5. "COMMUNICATIONS" means any written, electronic or verbal transmission of words or thoughts between or among two or more persons, including, without limitation, any letter, email, instant or text message, blog, web posting, tweet, Facebook post or message, social media posting of any kind, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks and reports, whether transmitted orally, in writing or by any electronic device.

6. "Electronically Stored Information" or "ESI" means originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals; voice-mail; audio or video recordings of any kind; facsimiles;

computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data. All ESI produced in response hereto should be produced in native format.

7. "RELATE TO" or "RELATING TO" shall mean and include support, refute, discuss, concern, constitute, contain, summarize, memorialize, evidence or connect in any way, logically or factually, with the matter described herein.

8. "EGAN" shall mean and refer to Defendant Michael F. Egan, III and shall include any and all representatives acting on his behalf, including any attorneys, employees, agents, officers, and/or managers.

9. "HERMAN" shall mean and refer to Defendant Jeffrey Herman and shall include any and all representatives acting on his or his firm's behalf, including any attorneys, employees, agents, officers, and/or managers.

10. "PERSON" means a natural person or any business, company, corporation, association, partnership organization or other legal entity.

11. "FBI" means the United States Federal Bureau of Investigation and shall include any and all representatives acting on its behalf, including any employees, agents, officers, and/or managers.

12. Documents shall be produced in their original file folders or, in lieu thereof, any writing on the file folder from which such document is taken shall be copied and appended to such document and the person for whom, or department, division or office for which, the file folder is maintained shall be identified.

13. If in response to this Request you decline or refuse to produce any documents based upon a claim of privilege, please prepare a privilege log which states with respect to each such document the following:

(a) its nature (e.g., letter, memorandum, e-mail communication, etc.);

(b) its title, if any;

(c) the date it was prepared;

(d) the identity of the individual(s) who prepared it or who participated in its preparation;

(e) the identity of the individual(s) to whom it was directed;

(f) the identity and address of any and all individuals who received copies of it;

(g) the present location of the writing and the identity of the individual who has custody of it;

LA 11941505v1

(h) if the document no longer exists, the disposition of it;

(i) a general statement concerning its subject matter; and

(j) the nature of the claimed privilege.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS prepared by the FBI that RELATE TO any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS received by YOU from the FBI that RELATE TO any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON.

### REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS provided by YOU to the FBI that RELATE TO any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON.

### REQUEST FOR PRODUCTION NO. 4:

All non-privileged DOCUMENTS prepared by any PERSON that RELATE TO any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON.

### REQUEST FOR PRODUCTION NO. 5:

All non-privileged DOCUMENTS received by YOU from any PERSON that RELATE TO any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON.

LA 11941505v1

## REQUEST FOR PRODUCTION NO. 6:

All non-privileged DOCUMENTS provided by YOU to any PERSON that RELATE TO any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON.

## REQUEST FOR PRODUCTION NO. 7:

All non-privileged DOCUMENTS that RELATE to any settlement demands or offers made to HERMAN to compromise any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON, during the period of January through July 2014.

## REQUEST FOR PRODUCTION NO. 8:

All non-privileged DOCUMENTS that RELATE to any settlement demands or offers made by HERMAN to compromise any allegation(s) by EGAN of any sexual abuse of EGAN by any PERSON, during the period of January through July 2014.

## REQUEST FOR PRODUCTION NO. 9:

All non-privileged DOCUMENTS that RELATE to any settlement demands or offers made to HERMAN to compromise any allegation(s) of any sexual abuse by any PERSON, during the period of January through July 2014.

## REQUEST FOR PRODUCTION NO. 10:

All non-privileged DOCUMENTS that RELATE to any settlement demands or offers made by HERMAN to compromise any allegation(s) of any sexual abuse by any PERSON, during the period of January through July 2014.

LA 11941505v1

LOUISE ANN FERNANDEZ  *(Admitted pro hac vice)*
ANTHONY PACHECO       *(Admitted pro hac vice)*
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080
Facsimile: (310) 712-8522
E-mail:    LFernandez@JMBM.com
           Pacheco@JMBM.com

LOUISE K. Y. ING - 2394
KEE CAMPBELL - 9168
ALSTON HUNT FLOYD & ING
1001 Bishop Street, Suite 1800
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:   ling@ahfi.com
          kcampbell@ahfi.com

Attorneys for Plaintiff GARTH ANCIER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARTH ANCIER, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL F. EGAN, III, JEFFREY M. HERMAN and MARK F. GALLAGHER, <br><br> Defendants. | Civil No. 14-cv-00294-JMS-RLP <br><br> **NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION OR OBJECTS TO ROBB N. GAGE** |
| ALL RELATED CROSS CLAIMS. | |

LA 11941450v1

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORD WITH RESPECT TO:

Robb N. Gage, Esq.
Keeline Building
319 South 17th Street, Suite 700
Omaha, NE 68102

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, Rule 45(b)(1), Plaintiff Garth Ancier has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached hereto.

DATED: Los Angeles, May 20, 2015.

LOUISE ANN FERNANDEZ
ANTHONY PACHECO
*JEFFER MANGELS BUTLER & MITCHELL LLP*
(Admitted *Pro Hac Vice*)
LOUISE K. Y. ING
KEE CAMPBELL
*ALSTON HUNT FLOYD & ING*

Attorneys for Plaintiff GARTH ANCIER

1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On May 21, 2015, I served the document(s) described as **NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION OR OBJECTS TO ROBB N. GAGE** in this action addressed as follows:

| | |
|---|---|
| DAVID J. MINKIN, ESQ.<br>JESSE J. T. SMITH, ESQ.<br>McCorriston Miller Mukai MacKinnon LLP<br>Five Waterfront Plaza, 4th Floor<br>500 Ala Moana Boulevard<br>Honolulu, HI 96813 | Attorneys for Defendant<br>JEFFREY M. HERMAN<br>Phone: 808-529-7300<br>Fax: 808-524-8293<br>Email: minkin@m4law.com<br>JSmith@m4law.com |
| KEITH K. HIRAOKA, ESQ.<br>MARK J. KAETSU, ESQ.<br>Roeca Luria Hiraoka LLP<br>841 Bishop Street, Suite 900<br>Honolulu, HI 96813 | Attorney for Defendant<br>MARK F. GALLAGHER<br>Phone: 808-538-7500<br>Fax: 808-521-9648<br>Email: khiraoka@rlhlaw.com |
| MICHAEL F. EGAN, III<br>7700 Victory Gallup St.<br>Las Vegas NV 89131 | Defendant Pro *se*<br>Phone: *<br>Fax: *<br>Email: hbejr2102@gmail.com |

minkin@m4law.com; JSmith@m4law.com; khiraoka@rlhlaw.com; hbejr2102@gmail.com

☒ **(BY MAIL)** True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at Los Angeles, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**AND**

☒ **(BY ELECTRONIC SERVICE)** On May 21, 2015, I transmitted the aforementioned document(s) as PDF attachments to the aforementioned electronic notification address(es). The transmission originated from my electronic notification address, which is *ja4@jmbm.com*, and was reported as complete and without error.

Executed on May 21, 2015, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

/s/Jean Albright
Jean Albright

PROOF OF SERVICE