IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARTH ANCIER,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL P. EGAN III, JEFFREY M. HERMAN, AND MARK F. GALLAGHER,<br><br>                Defendants. | 8:15CV210<br><br>**MEMORANDUM AND ORDER** |

       A subpoena was served on Robb N. Gage ("Gage"), a former lawyer for Defendant Michael P. Egan III ("Egan"). Gage moved to quash the subpoena on several grounds, including that the subpoena demanded production of documents protected by the attorney-client privilege.

       Except as to five pages, the parties were able to resolve the motion. As to the five pages withheld by Gage, the parties agreed to submit the "documents to, from, produced by, or previously stored by law enforcement that Gage claims are privileged to the Court for in camera review to determine whether they are protected by the attorney-client privilege." The court ordered Gage to submit the documents for *in camera* review.

       The burden of proving any privilege rests with Defendant Egan and his attorney, Gage. [Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 609 (8th Cir. 1977)](); [State ex rel. Stivrins v. Flowers, 273 Neb. 336, 341, 729 N.W.2d 311, 317 (2007)](). "An attorney-client relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance." [State ex rel. Stivrins v. Flowers, 273 Neb. at 341-42](). To be protected from disclosure, a communication must be between the

attorney and the client and "must be one which is essentially confidential in character and which relates to the subject matter upon which advice was given or sought." Id.

The court has reviewed the five pages submitted by Gage. (Filing No. 17). They appear to be excerpts from the transcript of an interview of Egan, and it appears Egan was being prepared to provide testimony or a statement in a litigated case. But there is nothing of record indicating who was interviewing Egan, or who else was present (if anyone) during the interview. Based on the information of record, it appears the transcript was produced "to, from, or . . . by, or previously stored by law enforcement, including the Federal Bureau of Investigations ("FBI"). . . ." (Filing No. 15, at CM/ECF p. 4). Perhaps the "Interviewer" referenced in the five withheld pages was not Gage, but rather a law enforcement officer, in which case the communications within the transcript were not attorney/client communications. And even if Gage conducted the transcribed interview of Egan, it is unclear whether others (including law enforcement personnel) were present during the interview. In either case, based on the record before the court and the reasonable inferences to be drawn from that record, the five pages at issue were in the possession of not only Gage, but were knowingly and purposefully disclosed outside the attorney-client relationship to law enforcement officers.

As such, the court finds Gage and Egan have failed to prove the five pages presented to the court for in camera review include communications protected from discovery under the attorney-client privilege.

Accordingly,

IT IS ORDERED:

1) The five pages submitted to the court for *in camera* review, (Filing No. 17), are not protected from disclosure under the attorney-client privilege.

2) Robb N. Gage shall produce the documents submitted for *in camera* review in response to the subpoena issued by the United States District Court for the District of Hawaii, (see Filing No. 1, at CM/ECF p. 6).

February 3, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.